JACOB F. KIRCHER, Administrator of Estate of H. M. DUNNINGTON, v. A. E. DUNNINGTON and ELLA DUNNINGTON, Appellants.—29 S. W. (2d) 143.

Division One, June 3, 1930.

*J. A. Silvers* and *Guy E. Silvers* for appellant.

*T. N. Haynes* for respondents.

SEDDON, C.—This is a companion case to that of Jacob F. Kircher, administrator of the estate of H. M. Dunnington, deceased, v. F. M. Dunnington and Bertha E. Dunnington, *ante,* page 355, decided at this sitting of this court. The action is one to recover upon a promissory note in the principal sum of $1550, dated January 1, 1913, payable five· years after date to the order of H. M. Dunnington, with interest from date at the rate of five per cent per annum.

It is alleged in the petition that defendants are the makers of said note, and have made payments upon said note as follows:

"That the interest was by defendants paid on said note to January 1, 1915; that defendants paid on said note on December 21, 1915, the sum of $1,000; that defendants paid the interest on said note to January 1, 1917; that defendants paid on said note on July 28, 1919, the sum of $50."

The answer, which is verified upon the oaths of defendants, specifically denies the execution of the written instrument sued on, and avers that "the respective signatures as they appear upon the paper writing sued on herein are genuine, and were written by these defendants, respectively, by their own proper hands, but that said writing has been altered and changed since the defendants signed the same; that the alteration so made was without the consent or knowledge of these defendants, or either of them, and was so material as to change the contract between these defendants and the payee in said note; therefore, defendants each deny under oath the execution of the note sued on herein."

No reply was filed by plaintiff.

A trial of the cause before the circuit court, sitting as a jury, resulted in a judgment in favor of plaintiff administrator, and against the defendants, in the sum of $854, from which judgment defendants were allowed an appeal to the Kansas City Court of Appeals. The judges of the Kansas City Court of Appeals, by an opinion filed, ruled that their decision in the companion case, supra, is controlling in the instant case, and reversed the judgment of the circuit court herein, but deeming their decision to be in conflict with certain decisions of the St. Louis Court of Appeals, they have certified and transferred the cause to this court, pursuant to Section 6, Amendment of 1884 to Article VI, of the Missouri Constitution.

An examination of the record in the instant cause discloses that the cause was tried and ruled by the circuit court upon the same theory, and upon substantially the same character of evidence, and involves the identical question of law, as the companion case *ante*, page 355. The record herein shows that the alteration in the note sued upon consists of the erasure of the word "no," which had been written in ink in the blank space provided in the printed form of note used for expression of the rate of interest; and the insertion of the numeral or figure "5," at the place of such erasure, with a purple indelible pencil. All other blank spaces in the note were filled in with pen and ink. The signatures of the makers of the note were written with a black lead pencil. No substantial evidence was offered by either plaintiff or defendants tending to explain the manifest alteration, which the trial court, from an inspection of the note, found to be apparent upon the face of the note. The trial court, as is disclosed by the court's refusal of declarations of law requested by defendants, and is inferentially expressed in

the court's written conclusion of law filed in the cause, entered a judgment for plaintiff, and against defendants, upon the erroneous theory of law that the burden devolved upon defendants (and not upon plaintiff) to explain the manifest alteration of the note, which was suspicious upon its face, and to show that the alteration was made after the execution and delivery of the note, and without the authority and assent of defendants. The *onus* or burden of explaining the manifest alteration in the note is upon the plaintiff, and not upon the defendants, where (as here) such alteration appears to be suspicious upon its face.

For the reasons set forth in our opinion in Kircher, Administrator, etc., Respondent, v. F. M. Dunnington and Bertha E. Dunnington, Appellants, *ante*, page 355, decided at this sitting of this court, the judgment of the circuit court herein is reversed, and the cause is remanded to the circuit court for retrial. *Lindsay*, and *Ellison, CC.*, concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.